Zimmerman, J.
 

 In the case of
 
 Wilson
 
 v.
 
 Pennsylvania Rd. Co.,
 
 135 Ohio St., 560, 21 N. E. (2d), 865, this court announced the following rule:
 

 “In an action brought by an owner of livestock against a terminal carrier to recover damages sustained during shipment, the owner makes out a
 
 prima facie
 
 case when he introduces evidence that the livestock was unaccompanied by himself or his caretaker, was received for shipment by the initial carrier in good
 
 *648
 
 condition and delivered at the destination by the terminal carrier in an injured or damaged condition.”
 

 Putting the proposition a little differently, a
 
 prima facie
 
 case of liability is made against a terminal carrier where evidence is offered that'a shipment of livestock, unaccompanied by the owner or his caretaker, was received in good condition by the initial carrier and was delivered in an injured or damaged condition at the destination by the terminal carrier.
 

 To rebut such
 
 prima facie
 
 case it is incumbent on the terminal carrier to produce evidence that the injury or damage was not the result of negligence or a breach of contractual duty in connection with the carriage, or that such injury or damage was due to the inherent vice, weakness or natural propensities of the livestock or to some other recognized cause which would exempt the carrier from liability. 13 Corpus Juris Secundum, 551, Section 254;
 
 Panhandle & S. F. Ry. Co.
 
 v.
 
 Wilson
 
 (Tex Civ. App.), 135 S.
 
 W.
 
 (2d), 1062.
 

 The statement is made in
 
 Klunk
 
 v.
 
 Hocking Valley Ry. Co.,
 
 74 Ohio St., 125, 133, 77 N. E., 752, 754, that “to rebut and destroy a mere
 
 prima facie
 
 case, the party upon whom rests the burden of repelling its effect, need only produce such amount or degree of proof as will countervail the presumption arising therefrom. In other words, it is sufficient if the evidence offered for that purpose,
 
 counterbalance
 
 the evidence by which the
 
 prima facie
 
 case is made out or established, it need not
 
 overbalance
 
 or outweigh it.”
 

 Again, in
 
 Ginn, Admr.,
 
 v.
 
 Dolan,
 
 81 Ohio St., 121,127, 90 N. E., 141, 142, 135 Am. St. Rep., 761, 18 Ann. Cas., 204, it was remarked:
 

 i
 
 (* .* * burden, which rests upon the plaintiff to establish the material averments of his cause of action by the preponderance of all the evidence, never shifts. The party who maintains the affirmative of an issue, carries the burden of proof through the whole case,
 
 *649
 
 although he may be aided by such a rebuttable presumption of law, or such facts, as would
 
 prima facie
 
 support his contention. His opponent need do no more than counterbalance the presumption, or
 
 prima facie
 
 case.”
 

 “The rule is that he who affirms must prove, and when the whole of the evidence upon the issue involved leaves the case in equipoise, the party affirming must 'fail.”
 
 Klunk
 
 v.
 
 Hocking Valley Ry.
 
 Co.,
 
 supra.
 

 Let us assume in the instant controversy that plaintiff established a
 
 prima facie
 
 case of liability against the defendant by introducing evidence tending to show the calves were in good condition when shipped and arrived at their destination in a diseased condition. We here note that plaintiff stated during his examination as a witness that the shipment was made with dispatch and the calves were not overcrowded in the cattle car.
 

 . In defense of the action, the defendant produced evidence that the transportation of the calves from Woodward, Oklahoma, to Wooster, Ohio, was in all respects normal and regular; that there were no extraordinary delays; that the animals were twice unloaded, fed and watered; that there was nothing to indicate rough handling on the part of the railroads or unusually rough transportation; and that the weather was typical of the month of October, according to the weather reports. No negligence or breach of contractual duty by the carriers is anywhere discernible;.so all we have against the defendant is that the calves were in a diseased condition upon arrival in Wooster.
 

 The uniform livestock contract under which the shipment was made contained the exception already quoted in the statement of the case.
 

 Upon the record before us, it is just as consistent to say that the disease afflicting the calves here involved was due to “the inherent vice, weakness, or
 
 *650
 
 natural propensities of the animal” as it is to say that such disease was attributable to any fault or neglect of the carriers.
 

 Whether we regard this case as one in tort or on contract, a determination that the disease of the calves was caused through negligence or breach of contractual duty on the part of the carriers would rest on speculation and conjectures, which of course is not permitted.
 

 A number of cases have adopted the rule that a carrier is not an insurer against injuries arising from the nature and propensities of animals which it has undertaken to transport and which injuries due care could not prevent. It is certainly not liable for injuries due to disease developed by the animals without its fault. The mere fact that an animal, apparently sound when delivered for shipment, arrives at its destination with a disease is not enough to charge the carrier with having negligently caused such disease. See
 
 A. Polk & Son
 
 v.
 
 New Orleans & N. E. Rd. Co.,
 
 184 Miss., 559, 185 So., 554.
 

 The following cases, among others which could be cited, hold that where animals develop disease or die from disease while being transported from one place to another by a carrier and there is no indication of negligence or breach of contractual duty on the part of the carrier, a recovery against the carrier on account of such disease or death may not be had:
 
 Nugent v
 
 .
 
 Chicago & N. W. Ry. Co.,
 
 183 Iowa, 1073, 166 N. W., 592;
 
 Illinois Central Rd. Co.
 
 v.
 
 Word,
 
 149 Ky., 229, 147 S. W., 949;
 
 Bloecher & Schaaf, Inc.,
 
 v.
 
 Pennsylvania Rd. Co.,
 
 162 Md., 463, 160 A., 281;
 
 Stephenson Mule Co. v. Powell,
 
 199 S. C., 450,15 S. E. (2d), 389. See, also, 9 American Jurisprudence, 948, Section 845; 13 Corpus Juris Secundum, 551
 
 et seq.,
 
 Section 254.
 

 We conclude that plaintiff did not sustain the required burden of proof in this case and that the Court
 
 *651
 
 of Appeals correctly reversed the judgment of the trial court and entered final judgment for the defendant. The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Turner, Matthias and Hart, JJ., concur.
 

 Weygandt, C. J., Bell and Williams, JJ., dissent.