Matthias, J.
The defendant contends that the notice of claim filed with it by the O. H. Brown Service did not designate the plaintiff as the owner of the horses and, therefore, did not constitute a compliance with section 8 of the uniform ordinary livestock contract under which the shipment was handled.
The section read as follows:
“As conditions precedent to recovery claims must be made in writing to the originating or delivering-carrier within nine months after delivery of the property or, in case of failure to make delivery, then within nine months and fifteen days after date of shipment; and suits shall be instituted only within two years and one day after the date when notice in writing is given by the carrier to the claimant that the carrier had disallowed the claim or any part or parts thereof. ’ ’
The rule is well established that a contract will be *346 construed most strongly against the party who prepared it. The provision as to the requirement of the presentation of the claim involved herein is in general terms, and the court should not read into it language which would be tantamount to a' specific requirement that the owner of the property must himself make such claim. It is not contended that the claim as made was not presented within the prescribed time, and the record discloses that the claim presented was disallowed prior to the commencement of this action.
The defendant contends that the following instruction given as a part of the court’s general charge to the jury is prejudicially erroneous:
“Where merchandise, when received by an interstate carrier — such as the defendant is in this case — is in good condition, and when delivered is in a damaged condition, the presumption arises that the damage was caused by the negligence of the carrier. Where a presumption arises that merchandise "was damaged by the carrier it is incumbent on the carrier to rebut such presumption by producing evidence that the damage was not the result of its negligence or a breach of contractual duty in connection with the carrier. It is sufficient if the evidence offered for that purpose counterbalances the evidence by which the prima facie case is made.
“Therefore, the plaintiff has made a prima facie case of liability when evidence is offered that the shipment of horses was received in good condition at Oak Harbor, Ohio, to be carried by it for a consideration to Unadilla, New' York, and was delivered or received at Unadilla — that is, the horses were received in a damaged condition at said destination.
“To rebut such prima facie case it is incumbent on the defendants to produce evidence that the injury or damage was not the result of negligence or breach of *347 contractual duty in connection with the carrier, or some other recognized cause which would exempt the carrier from liability. Such prima facie case is overcome when the evidence introduced in rebuttal counterbalances the evidence by which the prima facie case was made. The burden, as I have stated, rests upon the plaintiff to establish his case by a preponderance of the evidence, and that burden does not shift.”
It seems quite obvious that in giving such instruction the court completely disregarded the following provision of the contract between the parties hereto:
“Where said animals are accompanied by the owner or an attendant in his employ, the following further conditions shall apply, viz.: The shipper agrees to load, tranship and unload said animals at his own risk, the express company furnishing the necessary laborers to assist. The shipper shall take care of, feed and water said animals while being forwarded or transported, whether delayed in transit or otherwise, and the express company shall not be under any liability or duty with reference thereto except in the actual forwarding thereof. The shipper further undertakes to see that all doors and openings in the cars in which said animals are shipped are at all times so closed and fastened as to prevent the escape of any of said animals or injury thereto, and the express company shall not be liable on account of the escape of any of said animals or any injury thereto resulting from open doors or defective ventilation.
“The shipper agrees that as a condition precedent to recovery hereunder for loss or injury or damage to or delay in delivery of this shipment, such loss, injury, damage or delay shall be proved by the shipper to have been caused by negligence of the carrier * *
It is to be observed also that a so-called “attendant’s contract,” signed by both the plaintiff and his employee, the attendant and caretaker, who accom *348 panied the shipment, referred thereto as “which said animals are to be under the charge of the undersigned. ’ ’
The general rule applicable when a shipment of livestock is unaccompanied by the owner or his caretaker, as stated in the case of Wilson v. Pennsylvania Rd. Co., 135 Ohio St., 560, 21 N. E. (2d), 865, and in the case of Grosjean v. Pennsylvania Rd. Co., 146 Ohio St., 643, 67 N. E. (2d), 623, is that a prima facie case of liability is made against the carrier where it is shown that the livestock was received in good condition by the initial carrier and was delivered in an injured or damaged condition at destination by the terminal carrier.
However, it was well stated as follows by Williams, J., in the opinion in the former case:
“If the livestock shipped is in charge of the owner or his caretaker, the owner must allege and prove negligence of the carrier as an essential element of his right to recover for injury and damage to the shipment; the reason is that the owner has full cognizance of the surrounding facts. On the other hand, if the livestock is unaccompanied by the owner or his caretaker, proof of negligence in the first instance is not essential.”
In 9 American Jurisprudence, 941, following a similar statement of the general rule, it is stated that such rule is held inapplicable where the shipper or his agent accompanies the shipment under an agreement to care for the property, and it is further stated, on page 949, that “under such circumstances the rule is well settled in most jurisdictions that no presumption of negligence on the part of the carrier arises merely from the proof of the fact that loss or injury has attended the shipment, but the burden is on the shipper to show that the loss, if any, was occasioned by the negligence of the carrier. A shipper is also bound to show that the injury or loss was not attribut *349 able to the failure to perform or the negligent or improper performance of acts which he undertook to perform.”
The following very similar statement in 13 Corpus Juris Secundum, 555, Section 254, is quite pertinent:
“It is a general rule, with some exceptions and qualifications, that where the owner undertakes to accompany livestock for the purpose of caring therefor, the burden is on him to show that the loss of, or injury to, the stock was due to the carrier’s negligence. Ordinarily the burden is on the shipper accompanying livestock to show that loss of, or injury to, the stock was not caused by his negligence.”
The rule that a shipper has only the duty to make a prima facie case by showing that the carrier received the shipment in good condition and delivered it in an injured or damaged condition evolves from the fact that the cause of the injury or damage is usually peculiarly within the knowledge of the transportation company, and the rule is otherwise where the shipper or his designated employee, particularly where he is acting as caretaker under a contract of the shipper and the carrier, is in a position where he has equal or better opportunity to observe the handling of the shipment and is also in a position of responsibility in connection therewith.
The prejudicial effect of the charge of the court is clearly apparent and had the effect of relieving the plaintiff of the burden of proving negligence as a part of his case.
The judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas, is reversed and the cause remanded for a new trial.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman and Stewart, JJ., concur.