CUPPS, APPELLANT, *v.* CITY OF TOLEDO ET AL., APPELLEES.*

*Judgment affirmed, 172 Ohio St., 536.

128

(No. 5333—Decided December 12, 1960.)

*Mr. Dan H. McCullough* and *Mr. Norman C. Platz*, for appellant.

*Mr. Louis R. Young*, director of law, and *Mr. John J. Burkhart*, for appellees.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Lucas County.

The judgment of the Court of Common Pleas followed a hearing on the appeal by appellant from an order of the Civil Service Commission of the city of Toledo affirming the removal of appellant as a member of the police department by the Safety Director of the city of Toledo.

The appeal by appellant from the order of the Civil Service Commission was pursuant to Section 143.27, Revised Code (128 Ohio Laws, 1049, 1064), which provides in part as follows:

"* * * Any such employee so removed may appeal from the order of such appointing authority to the board or the municipal civil service commission, as the case may be, within ten days after the date of such removal, in which event the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within

thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority, and the board's or commission's decision is final. In the case of the suspension, demotion or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city an appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the Court of Common Pleas of the county in which such city is situated. Such appeal shall be taken within ten days from the finding of the commission.''

The principal assignments of error are as follows:

''1. The trial court committed prejudicial error in receiving in evidence the testimony of Marcella Rhoda Rose in the form of a stenographic record of testimony received before the Civil Service Commission of the city of Toledo. This stenographic record, which was not in the form of a settled bill of exceptions, was received in evidence over the timely objection of Kenneth W. Cupps.''

''5. The trial court committed prejudicial error in finding that the burden was upon Kenneth W. Cupps to establish that the Civil Service Commission of the city of Toledo erred in its decision that the appointing authority had established the sufficiency of the cause of removal. The trial court thus failed to recognize that Section 143.27, R. C. had been amended on August 16, 1955.''

''7. The trial court committed prejudicial error in finding that in the trial *de novo* granted to Kenneth W. Cupps under the statute that the burden was upon Kenneth W. Cupps to produce such evidence either before the Court of Common Pleas as would overrule the Civil Service Commission, or, if before the Civil Service Commission, would overrule the appointing authority.''

Appellant's first assignment of error relates to the testimony of a witness whose name was Marcella Rhoda Rose. The testimony of this witness had been given in the hearing on appeal before the Civil Service Commission and it appears from the record that her testimony had been taken and transcribed to typewritten form by a court stenographer.

The transcript of the testimony of the witness was received

in evidence by the trial court, after that court had received evidence that the witness could not be found and could not be reached for service of a subpoena.

Section 2317.06, Revised Code, provides for "proving testimony of absent witness." The provision in the foregoing section pertinent in the case before us is as follows:

"* * * If no bill of exceptions has been taken or signed, but the evidence of such party or witness has been taken down by an official stenographer, the evidence so taken may be read in evidence by either party on the further trial of the case and shall be prima facie evidence of what such deceased party or witness testified to orally on the former trial. If such evidence has not been taken by such a stenographer, it may be proved by witnesses who were present at the former trial, having knowledge of such testimony. All testimony so offered shall be open to all objections which might be taken if the witness was personally present."

The evidence in the record discloses that a subpoena was issued for the appearance of the witness at the trial in the Court of Common Pleas, to be served upon the witness at her place of residence in the city of Toledo, and return of same was made by the sheriff that the witness could not be found.

There was testimony by police officers and also a statement by counsel for appellees that a search had been made for the witness in the city of Toledo and also in the city of Cleveland, without success. The witnesses testified, and counsel for appellees stated in open court, that they had been unable to find the missing witness, either in the city of Toledo or the city of Cleveland.

The trial court determined that the requirements of the law concerning absent witnesses had been met and the testimony of the witness as contained in the transcript was received on the trial, subject to the objections of counsel for the appellant.

We find no error in the action of the trial court in receiving the testimony contained in the transcript, and we, therefore, determine that appellant's assignments of error on that ground are overruled.

Appellant's assignment of error number 5 relates to the action of the trial court to the effect that the burden of proof in the hearing upon the appeal was upon the appellant.

In *Cupps* v. *City of Toledo*, 170 Ohio St., 144, the Supreme Court has determined that appellant is entitled to a hearing *de novo* on "questions of law and fact."

Section 2505.01, Revised Code, in subsection (C) provides:

" 'Appeal on questions of law and fact' means a rehearing and retrial of a cause upon the law and the facts and is the same as an 'appeal on questions of fact.' "

The character of an appeal on questions of law and fact has been defined clearly in the opinion in *Kiriakis* v. *Fountas*, 109 Ohio St., 553, at page 563, as follows:

"It has long been the law in Ohio that an appeal is a removal of a cause or matter from an inferior jurisdiction, after its decision, to a superior jurisdiction for retrial on its merits. *City of Zanesville* v. *Zanesville Telegraph & Telephone Co.*, 64 Ohio St., 67, 83, 59 N. E., 781, 52 L. R. A., 150, 83 Am. St. Rep., 725.

"In *Mason* v. *Alexander*, 44 Ohio St., 318, at page 328, 7 N. E., 435, at page 439, the court says:

" 'In Ohio the appeal itself vacates, without revisal, the whole proceeding as to findings of fact as well as law, and the case is heard upon the same or other pleadings, and upon such competent testimony as may be offered in that court. It takes up the subject of the action *de novo*, in respect to pleadings, necessary parties, trial and judgment, *in like manner as if the cause had never been tried below.* ' "

Insofar as pertinent here, the judgment entry in this case in the Court of Common Pleas is as follows:

"This cause came on for trial on the 23rd, 24th and 25th of March, 1960, as an appeal from a ruling of the Civil Service Commission. The court finds that the appellant has not sustained his burden of proof. Therefore, the appeal is ordered dismissed."

In his opinion, the trial judge stated in part as follows:

"Let us, therefore, look at this particular case.

"The appointing authorities dismissed this plaintiff appellant, notified him of the same, informing him that he might file an appeal and a letter of explanation. This he did. Thereupon, the Civil Service Commission heard the matter appealed and affirmed the appointing authority.

"It seems to the court that it is a well-settled rule that the

order of suspension is a judgment and that the things complained of are charges. It seems to be a well settled rule that the person discharged must produce such proof as will cause the body appealed to, to overrule the appointing authority. Formerly, with the state, it took two members to do that. The board being equally divided, the dismissal stood. And it seems to be a well settled rule that before a local appointing authority may be overruled it takes two members of that Civil Service Commission to overrule the appointing authority.

"The court recognizes the difficulty we are in when we speak of virtual trials *de novo* and when we speak of trials on law and fact. However, the court cannot believe that there can be any great difficulty in determining that the person appealing has the burden of showing such evidence that would overrule the appointing authority, either before the court or before the Civil Service Commission, itself. It is true, in this instance, that the city had the opening and closing but this was done only after the court inquired and it was agreed by counsel.

"The court feels that in this kind of appeal, and similar ones, it is very difficult to know what procedure to take. However, it is the ruling of the court that the plaintiff appellant not having shown that his dismissal was wrong that his appeal should be dismissed and that the dismissal of Kenneth W. Cupps be affirmed."

It is clear from the foregoing quotations that, in considering and weighing the evidence, the trial court determined that the burden of proof was upon the appellant.

Section 2315.01, Revised Code, in subsection (C), provides:

"(C) The party who would be defeated if no evidence were offered on either side, first, must produce his evidence, and the adverse party must then produce his evidence."

In 21 Ohio Jurisprudence (2d), 161, Section 154, burden of proof is defined as follows:

"Generally.—The term 'burden of proof' with reference to the apportionment between parties to litigation of the task of producing evidence is used by both courts and text writers in different senses. In a strict sense, the term denotes the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises. Thus, the Ohio Supreme Court has said that

the burden of proof imposed by law upon one who must prove the existence of a fact or a thing necessary to be proven in the prosecution or defense of a lawsuit means the obligation to show it by proof.''

See *Klunk* v. *Hocking Valley Ry. Co.*, 74 Ohio St., 125; *Ginn, Admr.*, v. *Dolan*, 81 Ohio St., 121, 127, 135 Am. St. Rep., 761; *Grosjean* v. *Pennsylvania Rd. Co.*, 146 Ohio St., 643, see opinion pp. 648-649; *Safires* v. *Peters*, 160 Ohio St., 267.

It appears in the record before us that although appellees were required to open and close in the hearing in the trial court, nevertheless, in weighing the evidence and determining the cause, the court placed the burden of proof upon the appellant.

It is our opinion that the trial court was in error in placing the burden of proof upon the appellant in the hearing, when such hearing pursuant to Section 143.27, Revised Code, was intended as a hearing *de novo* on questions of law and fact.

Since the appellant was entitled to a hearing on questions of law and fact in the Court of Common Pleas, this court will not weigh the evidence to determine whether appellees sustained the burden of proof in the trial court, as required by the law applicable to the hearing in the Court of Common Pleas.

This court is not required and it does not intend to indicate or express any opinion as to whether the charges against the appellant were sustained by the required quantum of evidence.

In view of our conclusion, however, that there should be a new trial of the cause, we consider it necessary to state our opinion concerning the degree of proof required in the hearing on the appeal in the Court of Common Pleas.

The general rule as to the degree of proof required is found with the citation of supporting decisions in 21 Ohio Jurisprudence (2d), 721, Section 694 *et seq.* We quote the general rule as stated in Section 694 of 21 Ohio Jurisprudence (2d):

''Generally.—Though the general rules as to what constitutes evidence, its competency, admissibility, and order of production, are the same in criminal as in civil cases, the measure or quantity of evidence required is different. In civil cases the jury deals only with probabilities, and the burden of proof is ordinarily carried by a preponderance of the evidence. In fact, there is no doctrine of the law more firmly settled than the rule which authorizes issues of fact in civil cases to be determined

in accordance with the preponderance or weight of the evidence, whether or not it is sufficient to remove all reasonable doubts.''

Since the action before us is a civil proceeding, we conclude that it is incumbent upon the appellees to establish the reasons for the removal of appellant by a preponderance of the evidence.

Appellant's remaining assignments of error, not set out herein, are not well taken and they are overruled.

For the reasons stated, the judgment of the Court of Common Pleas is reversed and the cause is remanded thereto for a new trial.

*Judgment reversed.*

FESS and SMITH, JJ., concur.