FUGATE, APPELLANT, *v.* CITY OF COLUMBUS ET AL., APPELLEES.

[Cite as Fugate v. City of Columbus, 4 Ohio App. 2d 147.]

148

*Mr. Walter W. Grelle,* for appellant.

*Mr. John C. Young,* city attorney, and *Mr. Alba Whiteside,* for appellees.

TROOP, J.   Appellant, Buchanan Fugate, was discharged from his position as light equipment operator, Division of Police, Department of Public Safety of the city of Columbus, effective February 26, 1962.   He had been suspended from duty by order of the acting chief of police and found guilty of the charge placed against him, following a hearing before the Director of Public Safety, from whose order an appeal was taken to the Municipal Civil Service Commission of the city of Columbus.

On November 2, 1962, the Municipal Civil Service Commission sustained the action of the Director of Public Safety dismissing the appellant from his position, and from the decision of the commission an appeal on questions of law and fact was taken to the Court of Common Pleas of Franklin County.   It is from the judgment and final order of the Common Pleas Court, affirming the order of the Civil Service Commission of the city of Columbus, that this appeal is taken on questions of law and fact.   This is not a case falling within any of the categories contained in Section 2501.02, Revised Code, subparagraphs one through ten, as appealable on questions of law and fact, and, therefore, it is dismissed as such but retained and considered as an appeal on questions of law.

The charge placed against the appellant, Fugate, appears at page three of the record of the hearing before the director, as follows:

"Charge 1: Violation of Rule 6, J, Chapter 3, pages 43, 44 (Other acts of misfeasance, malfeasance, or nonfeasance in office).

"Specification 1: In that light equipment operator, Buchanan Fugate, did on or after May 3, 1961, enter into an agreement with one Jack Monroe Walters to pull, fix, destroy, or otherwise wrongfully dispose of traffic violation summons issued to said Jack Monroe Walters for the sum of $50.00 and did receive $10.00 thereon."

It is clear from the record that appellant was a member of the police department of the city of Columbus, that he was removed as a member of the department upon a formal charge and that an appeal from the discharge order was taken to the Civil Service Commission, which body affirmed the removal order of the director. Section 143.27, Revised Code, provides specifically for an appeal on questions of law and fact to the Court of Common Pleas by a member of a police department in case of removal.

This appeal from the judgment of the Court of Common Pleas affirming the order of the commission is predicated upon eight assignments of error. Assignments one through four and six through eight relate to the errors allegedly committed by the Common Pleas Court in failing to pass upon errors by the commission in admitting or refusing to admit certain evidence, by way of testimony and exhibits, into the record made at the time of the hearing held by that body, and, also, in not properly evaluating the evidence appearing in the records taken in the hearings before the director and the commission. It is unnecessary, and impossible as well, to examine minutely each assignment of error as outlined in appellant's brief. This review is therefore addressed to the basic law controlling in an appeal such as this, with particular attention directed to assignment of error numbered five.

Appellant herein was a member of a police department of a city and was removed from his job by the Director of Public Safety of that city. Civil service employees as a general class find provisions for the protection of their tenure and requirements in procedure when they are removed for disciplinary and other reasons in Section 143.27, Revised Code. For the general member of the classified service appeal procedure is supplied by Section 119.12, Revised Code, as directed by Section 143.27, Revised Code. That part of the section reads, as follows:

"In cases of removal * * * for disciplinary reasons, * * *

the \* \* \* employee may appeal from the decision of \* \* \* the commission to the Court of Common Pleas of the county in which the employee resides in accordance with the procedure provided by Section 119.12 of the Revised Code.''

It is most significant, however, to note that Section 143.27, Revised Code, contains a special provision that governs the appeals of ''any member of the police or fire department of a city'' to the Common Pleas Court. That part of the section, applicable here because this appellant was a member of the police department, is as follows:

''In the case of the suspension, demotion, or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city, an appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the Court of Common Pleas in the county in which such city is situated. \* \* \*''

The words, ''on questions of law and fact,'' presently in the statute, were supplied by an amendment to the section passed by the Legislature April 28, 1955, and effective August 16, 1955. They are now controlling and the Common Pleas Court was not limited, therefore, to the record as certified in considering the appeal before it as is suggested by Section 119.12, Revised Code.

That Section 143.27, Revised Code, is a specific statute, controlling in appeals by members of a city police department to the Common Pleas Court, is made abundantly clear by the decision in the case of *Cupps* v. *City of Toledo* (1959), 170 Ohio St. 144. Of more direct interest here, and controlling, is the decision in the case involving the same parties, decided in 1961, and reported in 172 Ohio St. 536. While that decision determined questions concerning burden of proof and sufficiency of evidence in appeals by members of police departments, the very pointed language of the court on associated matters is important here. At page 537, the court speaks as follows:

''Section 143.27, Revised Code, clearly gives the right of an appeal on questions of law and fact to, or a trial *de novo* in, the Court of Common Pleas.''

For this proposition, the court relies upon *Cupps* v. *City of Toledo, supra* (170 Ohio St. 144). Then, at the top of page 538, the rather sweeping observation appears, as follows:

"It has long been the rule in Ohio that upon an appeal on questions of law and fact the appellate court takes up the matter where the court below took it up and proceeds in respect to all phases thereof as if the cause had never been tried below. It is in all respects a trial *de novo.* * * *"

And then, to be sure it was understood that the rule was applicable in case of an appeal from a civil service commission to the Common Pleas Court, the next paragraph says, "The term, 'trial *de novo,*' of course, denotes some previous trial." And, on page 539, referring to the hearing before the Civil Service Commission, this proposition appears, as follows:

"* * * Although designated as an 'appeal' in the statute, it is our opinion that the statute contemplates a 'trial' before the civil service commission. The officer is brought to 'trial' by the charges theretofore filed against him. * * *"

Despite changes in the laws affecting procedural and appellate rights of other classified employees, Section 143.27, Revised Code, remains unchanged as to the rights of policemen and firemen. It provides the rule in the instant case. Appellant, Fugate, had a "trial" before the Civil Service Commission and was entitled to a trial *de novo* in the Court of Common Pleas. He was not confined, in his appeal to that court, to the records as certified of the hearings before the Director of Public Safety and the Civil Service Commission. To accomplish a review of pertinent parts of the certified records and develop a "trial *de novo*" for the appellant, a member of a police department, what needs to be done?

At page 52, Section 110, of Skeel's Ohio Appellate Law, the author discusses the particular appeal procedure in some detail. He suggests two rules to be followed, to wit:

"A motion should be filed in the Common Pleas Court seeking to determine what part of the evidence produced before the commission each party desires considered by the Common Pleas Court on rehearing."

"Upon good cause shown and in the interest of justice, upon application, the court may allow additional evidence to be taken in such manner as directed."

These rules are predicated upon the provisions in Section 2505.21, Revised Code, as amended October 4, 1955. Since Section 143.27, Revised Code, provides for a law and fact ap-

peal from the commission to the Common Pleas Court the provisions of Chapter 2505 on appellate procedure apply insofar as applicable. The procedure suggested by Skeel is founded upon a part of Section 2505.21, Revised Code, as follows:

"* * * The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

No bill of exceptions has been filed in this appeal. We rely solely on the record and documents before us. There is nothing that indicates compliance with the requirements of Section 2505.21, Revised Code. The Court of Common Pleas had only the complete certified records before it. Briefs were filed. The brief of appellant before this court, indicating the errors against which he complains, is the same as the one filed in the Common Pleas Court, with adjustments in language to fit the change of scenery, but no motion was filed directed to any part of the record that it was desired should be the object of particular examination by the court, nor was there a motion requesting the privilege of producing additional pertinent evidence. Had there been such, then the burden of proving the propriety of the dismissal by a preponderance of the evidence before the Common Pleas Court would have rested squarely upon the director. Errors attributable to that court in the "trial *de novo*," which would then be procedurally possible, would be subject to review here upon the production of a bill of exceptions. The decision in the *Cupps case* (172 Ohio St. 536), *supra,* affirms the decision in the matter by the Court of Appeals for Lucas County (1960), 118 Ohio App. 127. The Court of Appeals decision discusses illustrative methods of substantiating evidence and testimony when the appeal from the commission is before the Court of Common Pleas. It is clear that the appellant herein could have properly sought to present to the Common Pleas Court the additional evidence which he claims he wanted to present in the hearing before the Civil Service Commission and was denied. If such an attempt were made and resulted in an erroneous refusal by the Common Pleas Court, and which facts were shown in a bill of exceptions, then assignment of error number five

might stand, otherwise it must be considered as not well taken.

None of the assignments of error set out by appellant are well taken. By following appropriate procedure authorized by Sections 143.27 and 2505.21, Revised Code, as explained in Skeel, a "trial *de novo*" would have resulted. Having elected not to prosecute a trial *de novo*, appellant must be presumed to have waived his statutory rights and having waived such rights he confronted the Court of Common Pleas with the single question as to whether there was reasonable ground for the removal of appellant from his job in the police department. Limiting itself to a consideration of the certified records before it, the court found that the order of the Civil Service Commission, affirming the action of the director, was proper and was supported by reliable, probative and substantial evidence. Under Section 143.27, Revised Code, authorizing a trial *de novo*, the appropriate finding should have been that from the records before it, the court found the order of the commission to be established by a preponderance of the evidence and was, therefore, proper.

Appellant did not include as an assignment of error in this appeal any objection to the decision and judgment as recorded, predicated upon the basis indicated by the court, but the importance of the difference in a finding under Section 143.27, Revised Code, in contrast to one under Section 119.12, Revised Code, requires attention to this point.

Hearings before a board or agency, and certainly one before an administrative officer, are distinctly informal. There are no standards or criteria established imposing upon them rules of evidence, at least none have been revealed by any reference made to this court or by the research made. Some agencies, by provision in the creating statutes, are not bound to follow the general rules of evidence while conducting hearings. A civil service commission is not included in that category of agencies, but informality still seems to be the rule, and perhaps rightly so, with the hope that justice may be done if facts are brought to light by unhampered inquiry.

Informality must not be permitted to become unwarranted laxity. To indulge in liberty to the point of doing violence to basic fundamentals of justice never can be condoned. This court dealt with the hearings by agencies exempt by statute

from following rules of evidence in a decision in the case of *Cunningham* v. *Jerry Spears Co.*, 119 Ohio App. 169, opinion rendered May 21, 1963. A civil service commission is not such an agency, but within the informality of its hearings there must be limits and guide lines. The language of the court in the *Jerry Spears case*, at page 174, is appropriate. It reads as follows:

"The basic philosophy of judicial procedure revolves around the principles of fairness, relevance, reliability and public policy. * * * The principles remain even though their formulation as technical court rules may be inappropriate to the operation of this agency. Further, the rules themselves remain as a starting point in determining whether there has been a violation of fundamental principles. * * *"

The Court of Common Pleas erred in restricting itself to the limits of Section 119.12, Revised Code, in hearing this appeal. Appellant, however, waived his rights under Section 143.27, Revised Code, which was controlling and which has special limited application to the appeals of members of a police or fire department to the Court of Common Pleas. A cursory examination of the records herein, in view of the standards suggested by this court, reveals no glaring errors. The Common Pleas Court might have concluded properly that the decision of the Civil Service Commission was supported by a preponderance of the evidence but it did not so find. If as to this single point left for it to decide, it had based its decision upon a preponderance of the evidence, rather than having found the evidence to be reliable, probative and substantial, it would not have been in error.

The judgment of the Court of Common Pleas is reversed and the cause is remanded for further proceeding according to law and in accordance with this opinion.

*Judgment reversed.*

Duffy, P. J., and Bryant, J., concur.

(Decided January 14, 1964.)

On Motion for reconsideration.

Troop, J. Attention of the city attorney is directed to the introductory paragraph of Section 741.31, Revised Code, which reads as follows:

"As used in Sections 741.31 to 741.54, inclusive, of the Revised Code:" Following is the definition of "member of the police department" which counsel urges should be used in an interpretation of Section 143.27, Revised Code. The introductory paragraph quoted clearly limits the use of the definition.

Chapter 143, Revised Code, deals with civil service matters and has its own definitions section. Obviously, the Legislature elected to especially define for pension purposes and, separately and distinctly, for civil service purposes. Courts are bound to accept what the Legislature says and avoid indulging in presumptions as to what it intends when the language used is adequate.

Section 143.27, Revised Code, provides the process of appeal in case a classified employee, being "any member of the police or fire department of a city," is suspended, demoted, or removed. That section is not limited to police officers, nor is it confined to participants in the pension fund.

In the decision in the case of *Owens* v. *Ackerman, Safety Dir.* (1955), 72 Ohio Law Abs. 552, this court, then of the Second Appellate District, makes repeated reference to the "civil service employee" involved in the appeal. The "employee" was in this instance a police officer.

If the Common Pleas Court found a preponderance of the evidence to support its conclusion it may say so in its entry, otherwise the finding rests merely upon evidence it regards as reliable, probative and substantial. The motion to reconsider is overruled.

*Motion overruled.*

DUFFY, P. J., and BRYANT, J., concur.