**KISER, Plaintiff,**

v.

**ALLSTATE INSURANCE CO. et al., Defendants.**

2007-Ohio-6070.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2005 CVH 00515.

Decided March 12, 2007.

Blake R. Maislin, for plaintiff.

Anthony J. Iaciofano, for defendants.

RINGLAND, Judge.

{¶ 1} Pending before the court is plaintiff Kimberly Kiser's motion to admit into evidence at trial the affidavit of Paul Roseli. Plaintiff filed her motion with the court on January 25, 2007. Defendant Allstate Insurance Company filed its memorandum in opposition to the motion on February 5, 2007.[1] Upon hearing the oral arguments of counsel on March 5, 2007, the court took the matter under advisement. After considering the briefs of the parties, the arguments of counsel, and the applicable law, the court hereby decides the motion as follows:

## FACTUAL BACKGROUND

{¶ 2} This action stems from a fire at plaintiff's Williamsburg, Ohio residence on April 12, 2004. The fire caused extensive structural damage to the home and

---

1. Plaintiff initially named Joseph A. Groh, the Allstate representative who investigated the fire giving rise to her insurance claim, as a defendant to counts four, five, and seven of her complaint. Count four of plaintiff's complaint was dismissed with prejudice by agreed entry on May 4, 2006. All other counts against Groh have been resolved pursuant to the court's June 13, 2006 entry granting defendant summary judgment as to all but count one of plaintiff's complaint.

destroyed all of plaintiff's personal property inside. Plaintiff maintained a policy of insurance on the home through defendant. The terms of the policy covered both the structure of plaintiff's home and the personal property stored inside.[2] The policy permitted defendant to choose one of several methods of reimbursement in the event of a covered loss. While the parties do not dispute that defendant elected to use the actual cash value method described in Section 5(B) of the policy to compensate plaintiff for both the structural damage to her home and the loss of her personal property, they *do* dispute whether plaintiff has been paid in full on her claims for costs incurred in the repair and replacement of covered property. The court anticipates that the issues of equivalence of structural repairs and like-kind replacement of personal property will take center stage during the upcoming trial, scheduled to begin on April 2, 2007.

{¶ 3} Plaintiff submits that she hired Roseli to inspect her home shortly after the fire. According to his affidavit filed in opposition to defendant's motion for summary judgment, Roseli was a remediation technician and the owner of Remodel and Restoration Masters, a company that specialized in structural repair and reconstruction. His affidavit included his statement that he inspected plaintiff's home between April 27, 2004, and May 4, 2006, and his opinion that, to a reasonable degree of construction certainty, the replacement cost of equivalent parts for plaintiff's home would be $117,902.45. While he ostensibly would have testified as plaintiff's construction expert during trial, he tragically lost his life in a motorcycle accident on September 20, 2006. Plaintiff's instant motion attaches a certified copy of Roseli's death certificate and requests the court to admit his affidavit into evidence at trial in lieu of his testimony.

### *LEGAL STANDARD*

{¶ 4} The parties correctly agree that Roseli's untimely death makes him unavailable to testify as a witness at the upcoming trial within the language of Evid.R. 804(A)(4). Their sole point of contention is whether his affidavit qualifies as admissible "former testimony" pursuant to the following language of Evid.R. 804(B)(1):

Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or

---

2. The limits of the policy capped structural protection at $125,400 and personal property protection at $94,050.

redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability.

Evid.R. 804(B)(1). Emphasizing the need for out-of-court statements to be sufficiently reliable to qualify for admission under this hearsay exception, the Ohio Supreme Court instructs lower courts to employ a two-part test in determining whether the former testimony of an unavailable declarant may be considered. See *State v. Keairns* (1984), 9 Ohio St.3d 228, 230, 9 OBR 569, 460 N.E.2d 245, citing *Ohio v. Roberts* (1980), 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597. Unavailability of the declarant must first be proven by the party seeking to admit the statement, followed by a demonstration that the testimony bears sufficient indicia of reliability. Id.

## LEGAL ANALYSIS

{¶ 5} With Roseli's lack of availability established beyond any question, the court need consider only whether his affidavit is sufficiently reliable to gain admission under Evid.R. 804(B)(1). Plaintiff, as the proponent of Roseli's testimony, bears the burden of demonstrating this reliability. *State v. Rowe* (1993), 92 Ohio App.3d 652, 662, 637 N.E.2d 29, citing *Keairns,* 9 Ohio St.3d at 232, 9 OBR 569, 460 N.E.2d 245.

{¶ 6} In considering whether Roseli's affidavit statement may be admitted as evidence at trial, the court must respect the primary rationale of the hearsay rule and the lack of trustworthiness given out-of-court statements not subject to cross-examination. While neither the parties nor the court have uncovered any Ohio cases directly addressing the application of Evid.R. 804(B)(1) to the current issue, plaintiff cites *Sudbury v. Arga Co.* (Dec. 2, 1985), Clermont App. No. CA85–03–015, 1985 WL 3970, to support her argument that so long as a statement proffered under Evid.R. 804(B)(1) is made under oath and during the course of a legal proceeding, it may be admissible without being uttered directly in front of the court.

{¶ 7} The court cannot disagree with plaintiff's advocacy for a broad interpretation of the term "proceeding" under Evid.R. 804(B)(1), as it is borne out by previous Ohio decisions. Indeed, in addition to former trial testimony, Ohio law clearly recognizes the admissibility of prior deposition and grand jury testimony under this rule, as well as testimony provided in other administrative or legislative forums. See, e.g., *State v. Austin* (1998), 131 Ohio App.3d 329, 722 N.E.2d 555 (depositions of two expert witnesses taken in presence of defendant and counsel admitted); *Industrial Comm. v. Bartholome* (1934), 128 Ohio St. 13, 190 N.E. 193 (testimony of unavailable witness provided during prior hearing before Industrial Commission admitted); *Cupps v. Toledo* (1960), 118 Ohio App. 127, 24 O.O.2d 443, 193 N.E.2d 543 (testimony of unavailable witness previously given

**16**

before civil service commission admitted on appeal from removal), affirmed (1961) 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70. In fact, *Sudbury*, cited by plaintiff, involved the admission of testimony given by an unavailable witness at a previous hearing before the Industrial Commission. See *Sudbury*, CA85–03–015, 1985 WL 3970, at *2. But while plaintiff correctly recognizes that prior statements need not be made before a judicial tribunal to satisfy the requirements of Evid.R. 804(B)(1), the court may not extend this logic to admit Roseli's affidavit.

{¶ 8} Roseli's hearsay statement fails to satisfy the testimonial requirements of Evid.R. 804(B)(1). Specifically, a review of Ohio law reveals that for a statement to be properly characterized as prior testimony under Evid.R. 804(B)(1), the unavailable declarant must speak as a *witness,* granting the opposing party an opportunity for cross-examination *at the time the statement is made.* See, e.g., *Green v. Toledo Hosp.* (2002), 94 Ohio St.3d 480, 486, 764 N.E.2d 979 (admission of doctor's former trial testimony, which was subjected to cross-examination, advanced the "evident purpose" of the rule); *State v. Jester* (1987), 32 Ohio St.3d 147, 512 N.E.2d 962 (admission of former trial testimony permitted in second trial because opportunity to cross-examine witness permitted during first trial); Weissenberger's Ohio Evidence Treatise (2006) 586–587, Section 804.11. The findings in these cases are consistent with the principle that cross-examination is the key that renders the former testimony sufficiently reliable and trustworthy. In fact, it is cross-examination that satisfies the opposing party's confrontation rights and warrants the exception of the testimony from the general ban against hearsay.

{¶ 9} The court believes that its application of Evid.R. 804(B)(1) in the present case is comparable to the Ohio Supreme Court's recent application of the rule in *State v. Robb* (2000), 88 Ohio St.3d 59, 723 N.E.2d 1019.[3] In *Robb,* the justices refused to apply Evid.R. 804(B)(1) to permit the use of a prior statement made by an "unavailable" prisoner to investigators when the prisoner refused to testify at another inmate's murder trial. See *Robb,* 80 Ohio St.3d at 70–71, 723 N.E.2d 1019. In refusing to admit the statement as prior testimony, the Ohio Supreme Court specifically noted that the statement was not taken during a hearing or deposition and that no cross-examination was possible. Id. As in *Robb,* the statements at issue in the present case thus lack the sufficient indicia of reliability necessary to warrant their admission under the rule.

{¶ 10} Therefore, the court finds Roseli's affidavit inadmissible as former testimony. While a sworn statement, it is distinguishable from the former

---

3. At least one respected commentator considers this case to be "clear" proof that "[Evid.R. 804(B)(1)] does *not* include statements contained in affidavits[.]" (Emphasis added.) See Weissenberger, supra, at 591.

testimony of unavailable witnesses addressed by Evid.R. 804(B)(1) because it was not subject to cross-examination at the time of its making. Other distinguishing factors serve to convince the court that affidavits are not contemplated by Evid.R. 804(B)(1). First, unlike statements provided during a prior trial, a deposition, or before a legislative or administrative body, affidavits are not made on the record. In addition, the express language of the rule requires a "witness" for its prior-testimony exception. Makers and subscribers of affidavit statements are not witnesses, but instead specifically defined as *affiants*.[4] See Black's Law Dictionary (6th Ed.Rev.1990) 58.

{¶ 11} The court is further unconvinced by plaintiff's suggestion that the "opportunity" language of Evid.R. 804(B)(1) supports her position. Plaintiff claims that defendant had ample opportunity to develop Roseli's testimony prior to his untimely death, yet failed to take adequate steps to schedule his deposition.[5] Even assuming for the sake of argument that affidavit testimony would otherwise be admissible under the rule, the evidence reveals that defendant's counsel twice requested Roseli's deposition without response from plaintiff's counsel. Thus, the court would find plaintiff's "opportunity" argument without merit under any circumstance.

## CONCLUSION

{¶ 12} In accordance with the foregoing analysis, the court finds that Roseli's affidavit is not former testimony as contemplated by Evid.R. 804(B)(1). Because plaintiff has failed to meet her burden of demonstrating that Roseli's affidavit bears sufficient indicia of reliability so as to warrant its admission in lieu of his testimony, her motion is denied.

So ordered.

---

4.  By contrast, Black's Law Dictionary defines a "witness" as "[o]ne who is called to testify before a court." Id. at 1603.

5.  The facts of *State v. Jester*, 32 Ohio St.3d 147, 512 N.E.2d 962, cited by plaintiff in support of this argument, dealt with a defendant's own decision not to cross-examine a witness's testimony during a prior trial and are therefore inapposite to the facts of the present case. See *Jester*, 32 Ohio St.3d at 154, 512 N.E.2d 962.